# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NINA GREENE and GERALD GREENE, | ) ) ) | |
| Plaintiffs, | ) ) | 15 C 2546 |
| v. | ) ) | Judge Jorge L. Alonso |
| SEARS PROTECTION COMPANY, SEARS, ROEBUCK AND CO., and SEARS HOLDINGS CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs sue defendants for breach of contract, unjust enrichment, and violation of the Illinois Consumer Fraud Act ("ICFA"). Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. For the reasons set forth below, the Court grants in part and denies in part the motion.

## Facts

Defendants Sears Protection Company and Sears, Roebuck and Co. ("Sears")[1] offer consumers agreements to service a variety of appliances. (Compl. ¶¶ 9-10; *see id.*, Ex. A, Agreements.) From 1994 through 2014, plaintiffs, who are Pennsylvania residents, entered into a number of such agreements with Sears that purported to cover, among other things, their treadmill, trash compactor, and cooktop. (Compl. ¶¶ 2, 9, 28 & Ex. A, Agreements.) Plaintiffs paid Sears in excess of $18,000.00

---

[1]Defendants do not distinguish between Sears Protection and Sears, Roebuck and Co., so the Court refers to both as Sears. However, the Court dismisses Sears Holding Corp. as a defendant because plaintiffs' allegations establish that it is not a party to the agreements (*see* Compl. Ex. A, Agreements), and they offer no other basis for holding it liable.

for the agreements, but when they requested service for the treadmill in March 2012, Sears told them it was not covered and, apparently as compensation, arbitrarily credited $500.00 to plaintiffs' Sears account. (*Id.* ¶¶ 32-35.) Thereafter, plaintiffs learned that their trash compactor and cooktop were not covered under the agreements either. (*Id.* ¶¶ 37, 39.) This suit followed.

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

In Count I, plaintiffs assert that Sears breached the service agreements, a claim that requires them to allege: "'(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004)).[2]

---

[2]Defendants cite to Pennsylvania law, while plaintiffs cite to that of Illinois. (*See* Mem. Supp. Defs.' Mot. Dismiss at 11 & n.7; Pls.' Mem. Law Opp'n Mot. Dismiss at 5-6.) Because there is no conflict in the two bodies of law governing contract claims, the Court need not decide which state's law governs. *See Int'l Administrators, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1376, 1385 n.4 (7th Cir. 1985) ("Conflicts [of laws] rules are appealed to only when a difference in law will make a difference to the outcome.")

Sears says the breach element is missing because plaintiffs allege that it refunded their money when it refused to service their treadmill, and they do not allege that it refused to service their trash compactor or top. The Court disagrees.

The agreement permits Sears to cancel an agreement and refund all or part of a customer's money if: the customer "fail[s] to pay," "make[s] a material misrepresentation . . . [or] substantially breach[es] [his] duties" under the agreement, Sears "determines that it cannot service [a] covered product(s) due to poor accessibility or unsafe working conditions," or "the covered product(s) does not have a legible model or serial number or is in a disassembled state." (Compl., Ex. A, Agreements ¶ 14.) Plaintiffs do not allege that any of these conditions existed with respect to the treadmill. Accordingly, the complaint does not establish that the $500.00 credit Sears gave plaintiffs after refusing to provide service was a "refund" within the meaning of the agreements.

Defendants fare no better with their breach argument with respect to the cooktop and trash compactor claims. Though plaintiffs do not allege that Sears refused to service those appliances, they say they "learned" and were "informed" that the appliances were not covered, which suggests that Sears repudiated the agreements with respect to the cooktop and trash compactor. (Compl. ¶¶ 37, 39.) Thus, plaintiffs have adequately alleged the breach element of these claims.

They have also adequately alleged the substantial compliance and damages elements. Plaintiffs say they "fulfilled all conditions precedent to bring[ing] this action" and paid Sears $18,000.00 for service coverage that they did not receive. (*Id.* ¶¶ 32-35, 37, 39, 45.) These allegations sufficiently allege the last two elements of their breach-of-contract claims.

Even if plaintiffs have stated viable claims, Sears argues that they are barred by the statute of limitations. However, untimeliness is an affirmative defense, *see* Federal Rule of Civil Procedure 8(c), and "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses."

*Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). "Complaints need not contain *any* information about defenses and may not be dismissed for that omission." *Id.* Thus, the Court denies Sears' motion to dismiss Count I.

In Count II, plaintiffs assert a claim for unjust enrichment, which Sears says is precluded by their allegation that they entered into contracts with Sears. *See Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004) ("When two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract.").[3] Plaintiffs say they are pleading the unjust enrichment claim as an alternative to the contract claim, which the Seventh Circuit permits them to do. *See Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013) ("A plaintiff may plead as follows: (1) there is an express contract, and the defendant is liable for breach of it; and (2) if there is *not* an express contract, then the defendant is liable for unjustly enriching himself at my expense."). That is true, but only if plaintiffs do not allege the existence of a contract in their unjust enrichment claim. *See id.* ("While a plaintiff may plead breach of contract in one count and unjust enrichment and promissory estoppel in others, it may not include allegations of an express contract which governs the relationship of the parties, in the counts for unjust enrichment and promissory estoppel.") (quotation and alterations omitted). Here, however, plaintiffs allege by incorporation in their unjust enrichment count that they "entered into [service agreements] with Defendants." (*See* Compl. ¶ 47 (incorporating all preceding paragraphs).) Having affirmatively

---

[3]The law of Pennsylvania on unjust enrichment is the same as that of Illinois. *See Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) ("[I]t has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings.") (quotation omitted).

alleged the existence of a contract, plaintiffs have failed to state an unjust enrichment claim. Therefore, the Court grants Sears' motion to dismiss Count II.[4]

In Count III, plaintiffs allege an ICFA claim, which Sears says they lack statutory standing to pursue. The Seventh Circuit has said that a non-resident plaintiff:

> [M]ay sue under the ICFA only if the circumstances relating to the alleged fraudulent transaction occurred mostly in Illinois. [*Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 852-53 (Ill. 2005)].
>
> More specifically, the Illinois Supreme Court held that the ICFA did not create a cause of action for fraudulent acts that had little or no connection to the state of Illinois. *Id.* Accordingly, for a nonresident plaintiff to have standing under the Act, the court required that "the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Id.* at 853-54, 296 Ill. Dec. at 500-01. The court acknowledged that this was not a bright-line rule but rather a highly fact-bound inquiry in which no single factor would be dispositive. *Id.* at 854, 296 Ill. Dec. at 501.

*Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009); *see Avery*, 835 N.E.2d at 854-55 (holding that out-of-state plaintiffs alleging that insurer had violated the ICFA by using substitute parts in car repairs could not pursue the claim, even though insurer was located in Illinois, because plaintiffs lived, interacted with the insurer's agents, received estimates, and had the repairs performed in states other than Illinois); *Phillips v. Bally Total Fitness Holding Corp.*, 865 N.E.2d 310, 316 (Ill. App. Ct. 2007) (nonresident plaintiffs alleging that fitness center company told them they could cancel their memberships and later refused to do so could not maintain an ICFA claim against the Illinois-based fitness center company because plaintiffs "resided, bought memberships, signed contracts, used fitness facilities and were subject to the disputed billing and collection practices in states other than Illinois").

---

[4]Sears also argues that the unjust enrichment claim is untimely, which, as discussed above, is not a basis for dismissal under Rule 12(b)(6).

Plaintiffs allege, or it is reasonable to infer from their allegations, that: (1) Sears is located in Illinois; (2) plaintiffs live in Pennsylvania; (3) plaintiffs entered into the agreements with Sears and thus allegedly were deceived in Pennsylvania; (3) the appliances that were the subject of the agreements are in Pennsylvania; (4) plaintiffs called an unknown Sears location from Pennsylvania to request service on their treadmill; and (5) plaintiffs were in Pennsylvania when they "learned" and "were informed" that their trash compactor and cooktop were not covered by the agreements. (*See* Compl. ¶¶ 8-9, 35, 37, 39; *id.*, Ex. A, Agreements.) Because plaintiffs' allegations suggest that most of the circumstances underlying the alleged fraud occurred in Pennsylvania, they do not have standing to sue under the ICFA. *See Phillips*, 865 N.E.2d at 315 (stating that "[t]he fact that a[n] [alleged] scheme to defraud was disseminated from a company's headquarters in Illinois is insufficient" to permit standing under the ICFA).

## **Conclusion**

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss [21]. The motion is granted as to the claims against Sears Holding Corp., which is dismissed as a defendant from this suit, and the unjust enrichment and ICFA claims asserted against Sears Protection and Sears, Roebuck, which are dismissed without prejudice. The motion is denied as to the contract claims asserted against Sears Protection and Sears, Roebuck.

**SO ORDERED.**                   **ENTERED: February 2, 2016**

_____
**HON. JORGE ALONSO**
**United States District Judge**