IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NINA GREENE AND GERALD GREENE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | No. 15 CV 2546 |
| ) | |
| v. ) | Judge Jorge Alonso |
| ) | |
| ) | Magistrate Judge Michael T. Mason |
| **SEARS PROTECTION COMPANY, SEARS,** ) | |
| **ROEBUCK AND CO., and SEARS HOLDINGS** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

**To:** The Honorable Jorge Alonso
United States District Judge

## REPORT AND RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

Currently pending before the Court is plaintiffs' renewed motion for class certification [141]. The following is the Court's recommendation for a ruling on the motion for class certification.

**Background**

Plaintiffs, Nina and Gerald Greene (the "Greenes" or "plaintiffs"), filed this class action lawsuit against defendants Sears Protective Company, Sears Roebuck and Co. and Sears Holdings Corporation (collectively, "Sears" or "defendants") for breach of contract, unjust enrichment, and violation of Pennsylvania's unfair trade practices and consumer protection law ("UTPCPL"). The Greenes allege that Sears has engaged in a deceptive business practice by selling "repair or replace" Master Protection Agreements ("MPAs") for appliances that defendants had no intention of repairing or replacing. Specifically, the Greenes argue that between 1994 and 2014, they paid Sears over $18,000 for a series of MPAs, but that they were informed in 2012 that several items listed on their MPAs were not actually covered.[1]

On July 28, 2017, plaintiffs filed a motion to certify the class and identified two classes. (Dkt. 141.) With respect to the breach of contract and unjust enrichment

---
[1] Plaintiffs specifically identify a Nautilus Trotter treadmill, a trash compactor, and a Viking cooktop as products that they later learned were not covered.

claims (Counts I and II), plaintiffs identified the following nationwide class for certification:

> All individuals and entities who paid for aftermarket MPAs (including post-point-of-sale purchases of coverage, purchases of coverage for products bought from a retailer other than Sears, and /or subsequent renewals for coverage) for products which were not covered by nor eligible for coverage under the MPA, and did not receive a full refund.

With respect to the Pennsylvania unfair trade practices and consumer protection law claim (Count IV), plaintiffs seek certification of the following Pennsylvania-only class:

> All residents of Pennsylvania who paid for aftermarket MPAs (including post-point-of-sale purchases of coverage, purchases of coverage for products bought from a retailer other than Sears, and /or subsequent renewals for coverage) for products which were not covered by nor eligible for coverage under the MPA, and did not receive a full refund.

(Plaintiffs' Memorandum ("Mem.") at 8-9.)

## **Legal Standard**

"A district court may certify a case for class-action treatment only if it satisfies the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and one of the conditions of Rule 23(b)." *McCaster v. Darden Rests., Inc.*, 845 F.3d 794, 800 (7th Cir. 2017) (quotation marks and citation omitted); *see also Johnson v. Yahoo!, Inc.,* Nos. 14 CV 2028 and 14 CV 2753, 2016 WL 25711, at *1 (N.D. Ill. Jan. 4, 2016). Here, plaintiffs seek certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members[,]" and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The Seventh Circuit has also "long recognized an implicit requirement under Rule 23 that a class must be defined clearly and that membership be defined by objective criteria...." *Mullins v. Direct Dig., LLC*, 795 F.3d 654, 657 (7th Cir. 2015).

Plaintiffs have the burden of showing by a preponderance of evidence that the proposed class satisfies the Rule 23 requirements. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Notably, Rule 23 requires the existence of a common question that predominates over individual questions; however, it does not require proof that the question will be resolved in plaintiffs' favor. *Bell v. PNC Bank, Nat'l Ass'n.,* 800 F.3d 360, 376 (7th Cir. 2015); *see also Amgen Inc. v. Conn. Retirement Plans and Trust Funds,* 568 U.S. 455, 459 (2013).

**Argument**

Plaintiffs emphasize that their theory of liability relates to defendants' act of selling MPA coverage on non-covered items and not providing full refunds. For their part, defendants maintain that the allegations address whether product repairs were actually needed or requested on the allegedly non-covered items and service was not provided. This is a fundamental dispute amongst the parties, and one that defendants believe affects plaintiffs' ability to certify the classes.

As discussed in further detail below, plaintiffs assert that they meet the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). Defendants disagree, arguing, in part, that the Greenes do not adequately represent the class and that there is no predominating common question for the classes given the individualized nature of the claims. In response, plaintiffs contend that defendants raise a number of merit-based arguments that are premature and not relevant to determining whether class treatment is appropriate.

This Court agrees that it is inappropriate to render merit-based decisions at this time. "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc.,* 568 U.S. at 466; *see also Quinn v. Specialized Loan Servicing, LLC,* 321 F.R.D. 324, 326 (N.D. Ill. 2017). Although a preliminary inquiry into the merits may be necessary when merits and certification issues are inextricably linked, the merits questions may only be considered to the extent they are relevant to determining whether the Rule 23 requirements are satisfied. *Quinn,* 321 F.R.D. at 326 (internal quotations and citations omitted). Based on the record before this Court, whether factors such as performance requests and repairs are a viable defense to plaintiffs' allegations is not a matter to be determined for purposes of this Rule 23 motion. Instead, the Court focuses on whether plaintiffs' class definitions and named representatives meet the requirements under Rule 23.

### I. Numerosity

Plaintiffs state that they meet the numerosity requirement because of the anticipated size of the classes and the difficulty and impracticability of joining all of their members. *Levitan v. McCoy*, No. 00 CV 5096, 2003 WL 1720047, at *3 (N.D. Ill. Mar. 31, 2003) (citation omitted) (Rule 23(a)(1)'s numerosity requirement is satisfied when it is "extremely difficult or inconvenient to join all members of the class," such that joinder is impractical.) Defendants do not appear to dispute the numerosity requirement, and the Court finds that this standard is met.

### II. Commonality

Rule 23(a)(2) is satisfied when there are questions of law or fact common to the class. Such common questions of law or fact exist "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members." *Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 756 (7th Cir. 2014).

Commonality requires the class members to have suffered the same injury, not necessarily the same violation of the same provision of law. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 349-50, 357 (2011) (finding that no common question existed because respondents failed to identify a specific employment practice to connect the claims, and the only connection against a large number of adverse employment actions was that the same defendant allegedly discriminated against numerous people on the basis of sex).

It is plaintiffs' position that they meet the commonality requirement because "a common question exists across the classes as to whether MPA coverage sold by Sears on such products [that Sears did not, and did not intend to, cover] was illusory." (Mem. at 11.) According to plaintiffs, "an MPA is 'illusory' when the customer is paying for coverage on a product that Sears will not or cannot actually service, such that the customer is paying for nothing at all (and will only receive the refund they are due if and when they call for service.)" (Reply at 7, n. 6.) Consequently, plaintiffs maintain there is a common contention that is capable of classwide resolution because a finding of truth or falsity will resolve an issue central to the validity of each of the claims. *See Mullins,* 795 F.3d at 673. Defendants assert that there is no commonality because it is not true that Sears made wholesale predeterminations about what appliances can be repaired without looking at the broken products at issue. They contend that there are numerous individual reasons for why a product was not repaired or replaced such that that there is not commonality amongst the class members.

"Class actions …. cannot be defeated on commonality grounds solely because there are some factual variations among the claims of individual members." *Beaton v. Software,* No. 13 CV 8389, 2017 WL 4740628, at *4 (N.D. Ill. Oct. 18, 2017) (internal citations omitted). The factual variations here, however, are not so insignificant that they should not be acknowledged. Plaintiffs' class definitions are with respect to individuals who purchased MPAs on products that were not covered and did not receive a full refund. Notably, under plaintiffs' proposed classes, there could be members who received repairs or were offered replacements. In order to render a more accurate damages assessment and address purported less-than-complete performance under the MPAs, plaintiffs have proposed a damages methodology that takes into consideration the performance of services that do not amount to a full refund. Accordingly, the classes as defined by plaintiffs still meet the common criteria by identifying plaintiffs who did not receive a full refund. Issues regarding alleged performance that does not rise to a full refund, but which defendants believe constitute compliance with the MPAs, are to be raised before the trier of fact at the appropriate time.

It is plaintiffs' prerogative to identify the classes as they see fit, so long as they meet the Rule 23 requirements. Defendants' assertion that the issue is really whether performance was requested and not received under the MPAs is in effect a merit-based argument based on their defenses to plaintiffs' claims. As previously addressed, the Court need not make a merit-based finding at this time and will not determine whether plaintiffs' theory of liability withstands defendants' arguments. As it stands, plaintiffs are

asserting that their class members all suffered from defendants' alleged conduct of selling MPAs on non-covered items and not receiving a full refund. Accordingly, this Court finds that the commonality requirement is met.

### III. Typicality

Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *See Randall v. Rolls-Royce Corp.,* 637 F.3d 818, 824 (7th Cir. 2011) (finding that Rule 23(a)(3) was not satisfied because plaintiffs' claims were not typical of the claims or defenses of the class). The typicality requirement is closely related to the question of commonality because "a 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gave rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler,* 149 F.3d 589, 595 (7th Cir. 1998) (quoting *De La Fuente v. Stokey-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983)).

Plaintiffs argue that they meet the typicality requirement because the claims of the class representatives are substantially similar to those of the class members. It is plaintiffs' position that the Greenes must allege and prove the same violations that all of the proposed class members must prove. Consequently, plaintiffs contend that the Greenes and "all class members possess the same interests and suffered the same or similar injuries." (Mem. at 13.)

Defendants' position on this requirement intertwines with their assertion that the Greenes are not adequate representatives based on the defenses available against the Greenes. Specifically, defendants argue that the Greenes do not share the same claims or defenses of the class because they did receive certain coverage under their MPA. As discussed above, pursuant to plaintiffs' definition, certain services may have been rendered under the MPA that do not equate to plaintiffs' requisite "full refund." Therefore, the Greenes' contention that Sears failed to fully refund them for the MPAs purchased over the years is based on the same legal theory that other class members did not receive full refunds on MPAs for products that were allegedly not covered. Accordingly, the typicality requirement is satisfied.

### IV. Adequacy

Under Rule 23(a)(4), the named representatives must "fairly and adequately protect the interests of the class." The adequacy requirement is met when the class representatives retain adequate counsel and have no conflicting interests with other class members. *In re AT&T Mobility Wireless Data Servs. Litig.,* 270 F.R.D. 330, 343-44 (N.D. Ill. 2010); *In re Ready-Mixed Concrete Antitrust Litig.,* 261 F.R.D. 154, 168 (S.D. Ind. 2009). Class representatives must be part of the class, possess the same interest as other class members, and suffer the same injury. *Wal-Mart Stores, Inc.*, 564 U.S. at 348 (citations omitted). A named plaintiff with credibility problems or who is likely to devote too much time to rebutting an individual defense may not be an

5

adequate class representative. *See CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 726 (7th Cir. 2011).

According to plaintiffs, the Greenes have been injured by defendants' conduct in selling MPAs on non-covered items and not providing a full refund. Consequently, they share an interest in establishing Sears' liability and maximizing class damages. Further, plaintiffs maintain that their counsel has substantial class action litigation experience such that they can vigorously pursue the matter on behalf of the proposed classes.

Defendants, however, argue that the Greenes fail to meet the adequacy requirement because they are subject to unique defenses and seek different relief than what is requested for the classes. Specifically, defendants explain that they performed an inspection to assess whether a repair was reasonable each time the Greenes requested service. Sears determined that no repair was needed for the trash compactor, and they offered cash buyouts in excess of the MPA costs for the cooktop and treadmill. According to defendants, Mrs. Greene rejected the monetary relief refund offer because she wanted to continue to obtain repairs and replacements. Therefore, defendants assert that the buyouts were allegedly rejected and that they have the uniquely personal defense of rejected tender against the Greenes.

Further, because this class action seeks monetary damages and because the Greenes allegedly rejected refunds, defendants argue that the Greenes have no personal interest in the outcome of the case and are not adequate representatives. *See Boyd v. Godinez,* No. 12 CV 704, 2013 WL 5230238, at *4 (S.D. Ill. Sept. 16, 2013) (finding that the named plaintiffs had no personal interest in the outcome of the case, but allowing plaintiffs to remedy the deficiency by finding plaintiffs who could be considered adequate representatives); *Harrison v. Chicago Tribune Co.,* 992 F.2d 697, 703-04 (7th Cir. 1993) (holding that a named plaintiff must possess the same interest as class members).

As an initial matter, plaintiffs dispute defendants' use of information regarding the monetary value of repairs received by the Greenes because the information was allegedly only produced after the close of discovery in support of defendants' opposition to this present motion.[2] Plaintiffs further contend that defendants fail to acknowledge the fact that the Greenes never received a full refund for all of their MPAs, which fits with the class definitions. Plaintiffs acknowledge that the partial refund issued for the treadmill may affect the amount of damages the Greenes could receive, but they maintain that it does not exclude them from the class. Additionally, while defendants argue that the Greenes refused service under the MPA, plaintiffs explain that the offer was made to plaintiffs' attorney and constitutes an unaccepted settlement offer, which does not foreclose them from seeking damages in court. *See Laurens v. Volvo Cars of N. Am., LLC,* 868 F.3d 622, 627 (7th Cir. 2017) (A defendant's pre-suit offer to refund a putative class representative did not strip her of standing.).

---

[2] We are not here to address the admissibility of evidence and will not make a determination as to the admissibility and use of the report documenting monetary values of the Greenes' products.

A major contention from defendants is that the Greenes have a unique defense available to them because of the performance that was rendered by Sears in response to service calls under the MPA. However, as this Court has noted, we will not make a determination that the defense of repairs, replacements, or partial refunds being offered results in a finding that the classes cannot be certified under plaintiffs' definitions. Other members of the class may have received certain services under their MPAs that do not amount to plaintiffs' "full refund" requirement such that they are subject to the same defense. As addressed in our Report and Recommendation on the parties' proposed experts, plaintiffs' expert does propose an adequate methodology for addressing certain performance under the MPAs, with the exception of repairs.[3] Therefore, defendants' position regarding the Greenes' unique defense of performances rendered and refunds offered is not sufficient to defeat the adequacy requirement because other class members may be subject to the same defense.

It is understandable that defendants seek to narrow and nullify some of the issues of this proposed class action lawsuit, but this Court agrees with plaintiffs that defendants fail to acknowledge the full scope of the allegations in their arguments. For example, while defendants point to certain services performed under the Greenes' most recent MPA, the plaintiffs are also contending that they are entitled to reimbursement for all previous MPAs because they were sold even though the products were not covered. While defendants disagree with this position, whether this argument will be proven at trial is a separate matter to be adjudicated at a later date. The viability of those claims and the defenses available to defendants are matters to be taken up at trial or on a motion for summary judgment. *See Scheicher v. Wendt,* 618 F.3d 679, 685 (7th Cir. 2010) ("Under the current rule, certification is largely independent of the merits (save for the situation covered in *Szabo* [*v. Bridgeport Machines, Inc.,* 249 F.3d 672 (7th Cir. 2001)], and a certified class can go down in flames on the merits.").

Accordingly, based on the record before this Court, we find that the Greenes adequately represent the proposed class because of their allegations that they purchased the MPAs for products that were not covered and did not receive a full reimbursement for all of the MPAs they purchased from Sears. Further, the Greenes' alleged unaccepted settlement offer "is not sufficient to render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated." *Laurens,* 868 F.3d at 627 (quoting *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 666 (2016). Although defendants likely disagree as to whether or not the Greenes are similarly situated with the proposed class, we find that they are for purposes of class certification.

## V.  Rule 23(b)(3) Requirements

In order to satisfy Rule 23(b)(3), the Court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods of fairly and

---

[3] Plaintiffs do, however, explain that their methodology allows for including repairs calculations if necessary.

efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); see also *Messner*, 669 F.3d at 814. While similar to Rule 23(a)'s commonality and typicality requirements, "the predominance criterion is far more demanding." *Messner*, 669 F.3d at 814 (internal quotations and citations omitted). The predominance requirement is considered satisfied when common questions represent a significant aspect of the case and can be resolved on behalf of all class members through a single adjudication. *Id.* Importantly, it is not necessary that individual questions are absent so long as those questions do not predominate over the common questions that affect the class as a whole. *Id.*

It is plaintiffs' position that the common questions of law and fact predominate over individual issues in this matter. They maintain that the common issue of Sears' sales of MPAs for products not covered represents a significant aspect of the case and can be resolved on a class-wide basis. Plaintiffs explain that because there is a method to calculate damages, any individual issues relating to a class member's damages do not defeat a finding of predominance or render class certification inappropriate. *See Mullins*, 795 F.3d at 671 ("The need for individual damages determinations at this later stage of the litigation does not itself justify the denial of certification.") (citing *Schleicher v. Wendt,* 618 F.3d 679, 685 (7th Cir. 2010) ("The possibility that individual hearings will be required for some plaintiffs to establish damages does not preclude certification.")).

Plaintiffs further contend that their proposed class definitions are clearly defined and based upon objective criteria, specifically purchasers of MPAs who were harmed by paying for illusory coverage without receiving a full refund. Nonetheless, it is defendants' opinion that plaintiffs' class definition lacks Rule 23's definiteness requirement. *See Messner,* 669 F.3d at 824 (If a "class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification.") In support of their position, defendants reiterate that there is no common proof that will establish that a product was not serviced because the appliance was "ineligible" under the Eligible Brands List. Defendants maintain that liability determinations are individual and fact-intensive; therefore there is no predominance of common questions. *See Barnes v. Air Line Pilots Ass'n. Intl.,* 310 F.R.D. 551, 561 (N.D. Ill. 2015). For instance, Defendants explain that Sears may refuse to perform under an MPA under certain, unique circumstances, which therefore requires an individual assessment of why services were not performed.

Plaintiffs' counter defendants' arguments with the assertion that their common question is capable of class-wide resolution because the terms and conditions of the MPAs apply to all class members. *See Mullins,* 795 F.3d at 673. As discussed, defendants' position that the issue should be whether or not service was rendered under the MPA and in what capacity is part of their defense to the case and not a reason to nullify a class. Furthermore, whether or not repairs constituted sufficient service under the MPAs such that no breach occurred is a merit-based question, and the merits of the class are to be addressed at a later stage. This Court acknowledges that plaintiffs' allegations do broadly cover claims in which defendants may have some compelling defenses (i.e. whether performance was still provided despite a product not

being on the Eligible Brands List and whether certain performance represents fulfillment of the MPA despite a full refund not being provided.)  Nonetheless, we will not make a determination at this stage as to whose theory of the case predominates and find that plaintiffs' defined classes still meet the requirements of Rule 23(b)(3).

Further, while defendants assert that the class definitions fail to allege a legal injury, we again find that such an argument goes to the merits of the case based on Sears' defenses and interpretation of the allegations.  The issue is not to be resolved for purposes of this present Report and Recommendation. The parties will be given the opportunity to present evidence to the trier of fact at the appropriate time in support of their positions for when a breach allegedly occurred and if there was a corresponding legal injury.

## VI.    UTPCPL Requirements

Lastly, defendants contend that the UTPCPL requires individualized findings of justifiable reliance on defendants' wrongful conduct.  *See Abraham v. Ocwen Loan Serv., LLC,* 321 F.R.D. 125, 192-93 (E.D. Penn. 2017).  According to defendants, plaintiffs do not meet this requirement because they fail to identify an affirmative misrepresentation by defendants, fail to identify any act of reliance by each class member, and fail to identify how a conceivable misrepresentation could have caused harm given defendants' policy of performance under the MPAs.

Plaintiffs maintain that the proposed class does not presume reliance because each class member is required to have purchased an MPA based on defendants' conduct.  Accordingly, plaintiffs contend that the plausible inference from such a transaction is that the purchaser believed that the MPA provided the coverage defendants said it would.  In support of their position, plaintiffs reference the District Court's March 27, 2017 decision denying defendants' motion to dismiss the UTPCPL claim.  *Greene v. Sears Protection Co.,* No. 15 CV 2546, 2017 WL 1134484, at *3 (N.D. Ill. Mar. 27, 2017).  As the District Court noted, the only competing inference as to whether plaintiff relied on the alleged deception in entering into the MPA transaction is that plaintiff entered into the agreement without regard for whether the products were actually covered, which is implausible.  Because the proposed class is limited to those who demonstrated reliance of coverage by paying for the MPA, we find that class certification is appropriate on the UTPCPL claim.

## **Conclusion**

Whether plaintiffs can factually support their assertions to prove their claims is separate from whether their classes as defined meet the Rule 23 requirements.  Based on the record before the Court, it is our recommendation that plaintiffs' motion for class certification [141] is granted

Specific written objections to this Report and Recommendation may be served and filed within 14 days from the date that this order is served.  F ED. R. C IV. P. 72.

Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

        **ENTERED:**

        _____
        **MICHAEL T. MASON**
        **United States Magistrate Judge**

**Dated: March 8, 2018**